[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13134
_____

D.C. Docket No. 1:10-cr-20527-JAL-2


UNITED STATES OF AMERICA,                                   Plaintiff - Appellee,

versus

RENE DE LOS RIOS,                                    Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 4, 2012)

Before BARKETT and PRYOR, Circuit Judges, and BATTEN,[*] District Judge.

PER CURIAM:

Rene De Los Rios appeals his convictions and sentences for one count of

conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1347, and four

counts of submission of false Medicare claims, in violation of 18 U.S.C. §§ 287, 2.

_____

[*] Honorable Timothy C. Batten, Sr., United States District Judge for the Northern District of
Georgia, sitting by designation.

His convictions resulted from his role as medical director at Metro Med, an HIV infusion clinic.   He prescribed specific HIV drugs that carried a high Medicare reimbursement rate to patients who did not require the drugs but whose blood test results were engineered to indicate a need for them.   As a result, Metro Med fraudulently collected over eleven million dollars from Medicare.   De Los Rios appeals two of the district court's evidentiary rulings as well as the district court's inclusion of a deliberate ignorance clause in the jury instructions.   He also appeals his sentence of 235 months in prison, arguing that it is substantively unreasonable. We find no reversible error.

As to the evidentiary claims, we are satisfied that the court did not abuse its discretion and violate Fed. R. Evid. 404(b) when it admitted extrinsic evidence that De Los Rios engaged in similar fraudulent conduct while he was medical director at J&F, a second HIV infusion clinic.[1]   This record supports the conclusion that the extrinsic evidence was sufficient to prove, under the applicable standard of a preponderance of the evidence,[2] that De Los Rios committed the acts alleged and that the extrinsic evidence was more probative than prejudicial.

---

[1] We review for abuse of discretion the district court's decision to admit extrinsic evidence as relevant under Fed. R. Evid. 404(b). United States v. Smith, 459 F.3d 1276, 1295 (11th Cir. 2006).
[2] See United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (stating that, in order for extrinsic evidenced to be admitted under Fed. R. Evid. 404(b), the applicable standard of proof is that "there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question.")

Nor do we find abuse of discretion in the exclusion of a resignation letter that De Los Rios claims that he wrote to the owner of Metro Med in 2005.   The district court excluded the letter as hearsay, determining that it was an out-of-court statement offered for the truth of the matter asserted.   De Los Rios responded at trial that the letter constituted a business record.   Notwithstanding this assertion at trial, De Los Rios now argues on appeal that the letter constitutes an exception to the hearsay rule because he contends the letter was not offered for the truth of the matter asserted.   He also claims that, by virtue of its exclusion, he suffered a violation of his Sixth Amendment right to defend himself.

We need not address whether the letter was hearsay or not, as the exculpatory content was already admitted through De Los Rios's testimony.   Moreover, De Los Rios fails to explain the relevance of the letter to his defense nor his failure to produce it during reciprocal discovery.   We find no reversible error in the district court's failure to admit the letter into evidence.

We also reject De Los Rios's claim that the district court erred in including a deliberate ignorance jury instruction.   We apply a deferential standard of review to a district court's jury instructions.   United States v. Puche, 350 F.3d 1137, 1148 (11th Cir. 2003).   We should reverse only if "left with a substantial and [ineradicable] doubt as to whether the jury was properly guided in its deliberations."

3

Id. (quotation omitted).   Based on this record, we cannot say that there is a substantial doubt that the jury was properly instructed.

Finally, De Los Rios challenges his 235-month sentence, arguing that the sentence was substantively unreasonable.   We review the reasonableness of a guidelines sentence for abuse of discretion.   United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).   We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."   Id. at 1191 (quotation omitted).

It is uncontested here that the guidelines range was properly calculated and that the district court considered the 18 U.S.C. § 3553(a) sentencing factors.[3]   Thus, we review the substantive reasonableness of a sentence, examining the totality of the circumstances and inquiring into whether the § 3553(a) factors support the sentence. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).   "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion

---

[3]  Section 3553(a) provides that a district court shall consider the following facts when sentencing a defendant: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care, or correctional treatment; (3) the kinds of sentences available; (4) the sentencing guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (7) the need to provide restitution to victims.

of the district court." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted).

De Los Rios claims that the district court erred when it weighed the statutory sentencing factors of 18 U.S.C. § 3553(a) because it inappropriately emphasized the need to deter Medicare fraud in South Florida and failed to adequately take into account De Los Rios's age, health, and lack of criminal history.   The record does not support this contention.   The district court noted De Los Rios's age, health, and also his previously admirable history as a medical doctor who made his way as an emigrant to this country.   The district court weighed those factors against the gravity of his crime, which included a conscious choice to violate his Hippocratic Oath, his basic ethical obligation as a doctor, in favor of monetary goals.   The district court considered that, as the medical director and doctor at Metro Med, De Los Rios was required by Medicare to honestly bill for the clinic's services.   In failing to do so, the district court noted that De Los Rios violated public trust over a sustained two-year period.   The district court also found it significant that, far from accepting responsibility for his offense, De Los Rios lied during his testimony. Finally, the district court weighed the need for deterrence in the context of a high level of Medicare fraud in South Florida.   We cannot find that the district court's consideration and weighing of the § 3553 factors constituted an abuse of discretion.

5

**AFFIRMED.**